| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF RICHLAND | ) | |
| | ) | |
| Eula W. Brown, Individually and as Personal Representative of the Estate of Anthony Walker, | ) ) ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) ) | 2014-CP - 40- |
| vs. | ) ) ) | |
| City of Columbia Police Department, et al | ) | |
| Defendant(s) | ) | |

| (Please Print) | SC Bar #: | 68458 |
|---|---|---|
| Submitted By: Robert Phillips | Telephone #: | 803-327-7800 |
| Address: 1539 Healthcare Drive, Rock Hill, SC 29732 | Fax #: | 803-328-5656 |
| | Other: | |
| | E-mail: | rphillips@mcgowanhood.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☒ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Administrative Law Judge (980) |
| Special/Complex /Other | | | ☐ Public Service Commission (990) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | | |
| ☐ Other (699) | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _____    Date: October 22, 2014

SCCA / 234 (03/09)                                    Page 1 of 3

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY
Allendale, Anderson, Beaufort, Colleton, Florence, Greenville,
Hampton, Horry, Jasper, Lexington, Pickens (Family Court Only), and Richland

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | SIXTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | C. A. NO: 2014-CP-40-_____ |
| Eula W. Brown, Individually and as Personal Representative of the Estate of Anthony Walker, | |
| Plaintiffs, | |
| vs. | **SUMMONS** |
| The City of Columbia, City of Columbia Police Department, Randy Scott in his official capacity as Chief of Police of the Columbia Police Department, W.H. Holbrook in his official capacity as Chief of Police of the Columbia Police Department and Michael W. Bailey, | |
| Defendant(s). | |

### TO: THE DEFENDANTS ABOVE NAMED:

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at his Office at 1539 Health Care Drive, Rock Hill, South Carolina, 29732, within thirty (30) days from the service hereof, exclusive of the date of such service; and if you fail to Answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

MCGOWAN HOOD & FELDER, LLC

_____
Robert V. Phillips, Esq.
1539 Health Care Drive
Rock Hill, South Carolina 29732
(803) 327-7800 – Office
(803) 328-5656 – Facsimile
rphillips@mcgowanhood.com

Rock Hill, South Carolina
October 22, 2014

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | Civil Action No: 14-CP-40-6586 |
| Eula Brown as the Personal Representative of the Estate of Anthony Walker, | **COMPLAINT** (Jury Trial Requested) |
| Plaintiff(s), | |
| vs. | |
| The City of Columbia, City of Columbia Police Department, Randy Scott in his official capacity as Chief of Police of the Columbia Police Department, W.H. Holbrook in his official capacity as Chief of Police of the Columbia Police Department and Michael W. Bailey, | |
| Defendant(s). | |

The Plaintiff, by and through her undersigned counsel, for a Complaint against the Defendants, does hereby respectfully allege as follows:

## PARTIES

### Plaintiffs

1. The Plaintiff, Eula Brown (hereinafter "Brown") is a citizen and resident of Richland County and the State of South Carolina. She is also the duly appointed personal representative of the Estate of Anthony Walker, deceased.

### Defendants

2. The Defendants Randy Scott (hereinafter "Scott") and W.H. Holbrook (hereinafter "Holbrook") were or are the past and/or current Chief(s) Police for the City of Columbia Police Department. They had responsibility for the management, training and

operation of the City of Columbia Police Department as well as being responsible for the actions of all officers. They are sued in their representative capacities for the office of the Chief of Police of the City of Columbia pursuant to the South Carolina Tort Claims Act that makes the employing entity liable for the torts of its employees (*S.C. Code* §15-78-70). Plaintiff alleges the City of Columbia, the Columbia Police Department and its Chief(s) of Police are liable for the acts and omissions of Defendant Michael Bailey for the negligence, gross negligence, recklessness and other liability forming conduct that caused harm to the Plaintiff and Plaintiff's Decedent, Anthony Walker.

4. All officers/Defendants were acting within the course and scope of their official duties as employees with their respective employers in relation to this claim and at all times were acting under color of law.

5. The Defendant Michael Bailey was at all relevant times acting under color of state law and within the course and scope of his duties as an officer for the City of Columbia Police Department, the City of Columbia and/or its Chief of Police. He is sued in his individual capacity for compensatory and punitive damages under both Federal law and state law.

6. The Defendants City of Columbia (hereinafter "City") and the Columbia Police Department (hereinafter "Department") are political subdivisions of the State of South Carolina and/or some other type of entity that are responsible for the actions of its agents and employees and that Defendant Michael Bailey was an agent and/or employee of same and at all times mentioned herein was acting within the scope and course of his employment and under color of law.

7. Upon information and belief, these "employing" Defendants had the right and/or power to direct and control the manner in which its employees and/or agents, of which Michael Bailey was a member, executed their duties.

8. The negligent and grossly negligent acts, omissions and liability forming conduct of all Defendants includes their agents, principals, employees and/or servants, both directly and vicariously, pursuant to principals of non-delegable duty, apparent authority, agency, ostensible agency and/or respondeat superior and the acts and/or omissions of the above-named Defendants were the direct and proximate cause of the injuries, damages and losses of the Plaintiff and Plaintiff's Decedent.

9. At this time, only Michael Bailey is sued under Federal law and Federal Causes of action. He is also sued individually under one or more state law causes of action.

10. The Chiefs of Police, in their representative/official capacities, the City and the Department are sued under State law causes of action.

11. Punitive damages are not sought against these Defendants named in paragraph #10.

12. Punitive damages are sought against Michael Bailey as he is sued under Federal law and personally under one or more state law causes of action.

## JURISDICTION

13. Jurisdiction is founded upon South Carolina common law against the Chiefs, the City and the Department pursuant the South Carolina Tort Claims Act *S.C. Code Ann.* § 15-78-10, *et seq.*.

14. The events which give rise to this litigation occurred in or near Richland County, South Carolina.

15. Plaintiff further invokes this Court's concurrent jurisdiction to hear claims arising under the Fourth and Fourteenth Amendments of the United States Constitution and brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the individually named law enforcement Defendant.

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

16. On or about November 2, 2012, Defendant Michael Bailey was called out to the address of 1810 Allen Benedict Court in the City of Columbia, South Carolina for a domestic dispute call.

17. Upon arrival he was told that the disturbance was 'upstairs' and that the dispute was between Lasundra Keitt and Anthony Walker.

18. Lasundra and Anthony, while not married, have a small child together.

19. Upon opening the door to the bedroom upstairs Defendant Bailey saw Lasundra and Anthony fighting on the bed.

20. Neither Lasundra nor Michael had any weapons, but were simply having a fight.

21. Defendant Bailey then told Anthony to get off her (Lasundra).

22. Immediately after being ordered to get off her, Anthony got off Lasundra and walked away from the bed, exactly as he was instructed.

23. Anthony made no aggressive movements, had no weapons and did nothing but comply with the officer's commands.

4

24. At this point the fight between Anthony and Lasundra was over, there were no weapons anywhere, no one was threatening anyone, no one was disobeying commands from a law enforcement officer and all threats of injury, or otherwise, had completely ended and the situation was stabilized and resolved.

25. Then for no apparent reason Defendant Bailey took out his weapon and struck Anthony in the head.

26. This unjustified and unlawful use of force being applied to Anthony's head caused him to suffer catastrophic injury to his person.

27. This injury to his head caused him to be rendered a complete quadriplegic.

28. The unlawful use of force, lethal and otherwise, to Anthony's head caused him to suffer an hypoxic brain injury resulting in his death on November 28, 2012.

29. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of South Carolina.

30. All Defendants' conduct herein, was contrary to generally accepted, reasonable law enforcement procedures, training and tactics and caused the damages to the Plaintiff and Plaintiff's decedent as laid out in this Complaint.

31. That acts and/or omissions, cited above, by all Defendants, were the direct and proximate cause of the injuries, damages and losses of the Plaintiff and Plaintiff's decedent, including, but not limited to medical costs/care, pain and suffering, shock, and anxiety as well as death, loss of support and other damages, both economic and non-economic, as may be learned during the discovery of this case.

32. The acts and/or omissions of the Defendants violated the following clearly established and well settled Federal and State Constitutional rights of Plaintiff and Plaintiff's Decedent.

33. All acts and ommissions, outlined above, by any and all Defendants were the direct and proximate cause of the harms and losses of the Plaintiff and Plaintiff's decedent.

## FOR A FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 Improper Search & Seizure, Excessive Force & Due Process)
### (As to Defendant Bailey)

34. The Plaintiffs incorporate by reference all previous paragraphs above as if repeated herein.

35. By the acts and omissions described above, Defendants violated 42 USC §1983, depriving Plaintiff and Plaintiff's Decedent of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

   a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

   b. The right to be free from excessive and unreasonable force in the course of search or seizure as secured by the Fourth and Fourteenth Amendments;

   c. The right to be free from the use of unlawful force as secured by the Fourth and Fourteenth Amendments;

   d. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly and/or excessive force as secured by the Fourteenth Amendment;

   e. The right to be free from deprivation of liberty and injury without substantive due process and from state created/enhanced danger as secured by the Fourteenth Amendment;

   f. And in such other particulars as may be learned through discovery.

6

36. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff and Plaintiff's decent sustained injuries and damages as otherwise set forth in this Complaint.

37. The conduct of Defendant(s) in his/their individual capacities, entitles Plaintiff to punitive damages and penalties allowable under 42 USC §1983 and the S.C. Code.

38. Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable South Carolina codes and laws.

### FOR A SECOND CAUSE OF ACTION
**(Battery as to Defendant Bailey )**

39. The Plaintiff incorporates by reference all previous allegations in the paragraphs above as if repeated herein.

40. Defendant Bailey intentionally inflicted an unlawful, unauthorized violence on the person of Anthony Walker by injuring Anthony's head with Defendant Bailey's gun.

41. A forcible contact was made by Defendant upon Anthony.

42. This contact was done with the intention of bringing about a harmful or offensive contact upon Anthony.

43. Anthony did not consent to this contact, and it was not otherwise privileged.

44. Defendant Bailey's contact upon Anthony was done in a rude, insolent, or revengeful way.

45. As a direct and proximate result of this battery Plaintiff and Plaintiff's decedent sustained serious harms and losses and are entitled to damages, penalties, costs and attorney fees as set forth, above, including punitive damages against Defendants.

### FOR A THIRD CAUSE OF ACTION
### (Negligence & Gross Negligence – State Tort Claims Act)
### (As to the Chief(s) of Police, The City and The Department)

46. The Plaintiff incorporates by reference all previous paragraphs above as if repeated herein.

47. The Defendants all departed from the duties of care required by law enforcement officers and the agencies that hire, train and employ these officers and were thereby negligent, careless, grossly negligent, reckless and acted in violation of the duties owed to Plaintiff's decedent in that they committed one or more of the following acts of omission or commission, any or all of which were departures from the prevailing duties of care:

   a. in failing to ensure the safety of Plaintiff's decedent;

   b. in failing to appreciate the conditions that existed on the day in question;

   c. in failing to adhere to proper law enforcement procedures;

   d. in failing to use less lethal forms of force in order to effectuate an arrest;

   e. in failing to use discretion before, during and after the incident and consider other methods available to apprehend potential suspects;

   f. in failing to have in place proper and adequate policies, procedures and protocols for law enforcement officers to investigate calls, training of officers or, if such policies, procedures and protocols were in place, in failing to use due care to enforce them;

   g. in such other particulars as may be ascertained through discovery procedures undertaken pursuant to South Carolina Rules of Civil Procedure.

48. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the duties of care owed by Defendants, Plaintiff and Plaintiff's decedent were severely injured and have suffered severe and extreme emotional distress, anxiety, grief and sorrow and other harms and losses including, but not limited to, medical bills and loss

8

of support, for which the Plaintiff is entitled to recover in an amount to be determined by a jury at the trial of this action.

## FOR A FOURTH CAUSE OF ACTION
### (Wrongful Death)

49. The Plaintiff incorporates by reference all previous paragraphs above as if repeated herein.

50. As a direct and proximate result of the acts and/or omissions of one or more of the Defendants outlined above, the decedent died at the hands of the Defendant(s).

51. As a result of which the Plaintiff's Decedent's statutory beneficiaries have lost the aid, comfort, support, society and companionship of the decedent, and have suffered severe and extreme emotional distress, anxiety, grief and sorrow, for which the Plaintiff is entitled to recover on behalf of the statutory beneficiaries, actual damages pursuant to § 15-51-10, et. seq., Code of Laws of South Carolina (1976, as amended) in an amount to be determined by a jury at the trial of this action.

## FOR A FIFTH CAUSE OF ACTION
### (Survivorship Action)

52. The Plaintiff incorporates by reference all previous paragraphs above as if repeated herein.

53. As a direct and proximate result of the acts and/or omissions of the Defendant(s) outlined above, the decedent was injured and then died at the hands of the Defendant(s).

54. The Plaintiff's Decedent's estate, as a direct and proximate result of the unconstitutional actions of the Defendants, as outlined above, has incurred expenses in the form of medical bills and funeral and burial expenses. The Plaintiff is further informed and does believe that as a direct and proximate result of the acts and omissions of the Defendants the Plaintiff's Decedent suffered fear, physical pain, and suffering, mental and emotional distress and anguish in the time

before his death as well as medical bills and funeral expenses after his death, for which the Plaintiff's Decedent's estate is entitled to an award of actual and punitive damages pursuant to § 15-5-90, Code of Laws of South Carolina (1976) in an amount to be determined by a jury at the trial of this action.

WHEREFORE, Plaintiff, respectfully prays for judgment against all Defendants for all actual damages, consequential damages and punitive damages in an amount to be determined by a jury at the trial of this action as well as attorney's fees and costs pursuant to 42 U.S.C. § 1983 and 1988 and for such other and further relief as this Court deems just and proper.

MCGOWAN, HOOD, & FELDER, LLC

Robert V. Phillips, Esq.
1539 Health Care Drive
Rock Hill, South Carolina 29732
Federal Bar ID: 07653
(803) 327-7800 - Office
(803) 328-5656 - Facsimile
rphillips@mcgowanhood.com

Rock Hill, South Carolina
October 22, 2014